UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NINO TANDASHVILI,

                         Plaintiff,

           -against-

ULTIMATE SERVICES FOR YOU, INC.,
LEONID BERLINKOV, and
LYUDMILA BERLINKOV,

                         Defendants.
----------------------------------------------------------X

Index No.: _____

<u>COMPLAINT</u>

       Plaintiff, NINO TANDASHVILI, by and through her attorneys, Sobel Law Offices, PC, as and for a Complaint against the Defendants alleges, upon information and belief, that at all times hereinafter mentioned:

### <u>THE PARTIES</u>

1. Plaintiff Nino Tandashvili was a natural person residing at 125 Brighton 11th Street, apt. 5B, Brooklyn, NY 11235 ("Nino").

2. Defendant Ultimate Services for You Inc., is a duly formed New York corporation operating out of and with an office at 1506 Sheepshead Bay Road, Brooklyn, NY 11235 ("Ultimate").

3. Defendant Leonid Berlinkov ("Leonid") is a natural person, who at all relevant times was a principal, shareholder, officer and director of Ultimate exercising full and complete control over Ultimate.

1

4. Defendant Lyudmila Berlinkov ("Lyudmila") is a natural person, who at all relevant times was a principal, shareholder, officer and director of Ultimate exercising full and complete control over Ultimate.

5. The individual principals of Ultimate exercised full and complete control over Ultimate.

## <u>THE BACKGROUND FACTS</u>

6. Ultimate was and is in the business of, *inter alia*, providing home health care aide services to the elderly and disabled.

7. Nino was hired by Defendants in June 2010 as a home health aide and continued her employment until she went on vacation in January 2015.

8. Upon her return from vacation in February 2015, Nino was notified that she cannot come back to the same patient and that the only work available for her was a part time position.

9. Nino accepted the new part time position and proceeded to work.

10. In April 2015, Nino sought the aid of a law firm to pursue her rights under the FLSA and NY Wage, Hour and Labor Laws.

11. A letter of representation was sent to Ultimate on May 1, 2015 ("Letter 1"), informing Ultimate that Nino was represented by counsel and that she was seeking remuneration for overtime and wage violations by Ultimate.

12. Upon receipt of Letter 1, Ultimate attempted to resolve the overdue overtime wages by contacting Nino directly – initially through the bookkeeper for the company and then through Lyudmila – despite having notice that Nino was represented by counsel.

13. Ultimate demanded that Nino go back to her attorneys and withdraw her authorization for representation and then Ultimate would allegedly pay Nino what she was owed.

14. For all intents and purposes, Ultimate and Lyudmila admitted to Nino that they were aware that she was owed and due overtime wages but they did not want to deal with lawyers.

15. Once Nino refused to negotiate with Ultimate directly, she was fired by Ultimate even from her part time position, supra.

16. Subsequent to her termination by Ultimate, Ultimate was sent another letter by Nino's counsel advising Ultimate that it has violated Nino's right once again by the retaliatory firing.

## JURISDICTIONAL STATEMENT

17. This court has jurisdiction over this action pursuant to 29 U.S.C. 201. This is an action to recover unpaid wages, regular and overtime compensation, liquidated damages, costs and attorneys fees pursuant to the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. 201, *et seq.*,.

18. Venue lies in the Eastern District of New York pursuant to 29 U.S.C. 216 (b) in that the acts and omissions giving rise to this action occurred in Brooklyn, New York, in the Eastern District of New York.

## JURY DEMAND

19. Plaintiffs demand a trial by jury.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF FLSA

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-19 above with the same force and effect as if more fully set forth herein.

21. At all times mentioned herein, Defendants had at least two (2) employees engaged in commerce.

22. At all times mentioned herein, the activities of the Defendants were related and performed through common control for a common business purpose, and constituted an enterprise within the meaning of §3(r) of the FLSA (28 U.S.C. §203[r]).

23. At all times mentioned herein, Defendants' employees (including Plaintiff) participated in the rendering of services to other individuals, and participated in financial transactions involving the interstate banking and finance systems.

24. At all times mentioned herein, the annual dollar volume of business of Defendants exceeded $500,000.00.

25. From Nino typically worked for roughly seventy (70) hours per week.

26. Nino provided home health care aide services – other than companion services – to her assigned patient including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient. These services took up more than twenty percent (20%) of the time Nino spent with the patient.

27. Nino's base pay was $10.35 per hour.

28. At all material times mentioned herein, Defendants failed and refused to pay to Nino the overtime of at minimum $15.53 per hour (the mandated pay of rate – 1.5 times the straight rate) for overtime work in excess of 40 hours worked per week.

29. Defendants' systematic and ongoing failure to pay legally mandated overtime wages was not the result of a good faith mistake.

30. Based upon the foregoing, Nino has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $37,600 plus liquidated damages (for

unpaid overtime wages) of not less than $37,600 plus attorney's fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
## VIOLATION OF WAGE THEFT PREVENTION ACT

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-30 above with the same force and effect as if more fully set forth herein.

32. Defendants as employers in New York State, are subject to the New York Labor Laws in general and to the Wage Theft Prevention Act in particular.

33. The Wage Theft Prevention Act ("WTPA"), *inter alia*, (i) prohibits employers from failing and refusing to pay duly earned and owing wages to employees and (ii) requires that the employer provide each employee - at the time of hire, at the time of any changes to employee/employer/wages information and every year prior to February 1 - with a notice setting forth thereon the rate and other details of pay for such employee.

34. Defendants herein have failed and refused to properly pay Nino and have failed to properly provide to her with the required notices under WTPA.

35. Based upon the foregoing, Nino has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $37,600 plus liquidated damages (for unpaid overtime wages) of not less than $37,600 plus statutory attorney's fees, costs and disbursements in an amount to be determined at trial, as well as statutory penalties of not less than $7,500.00.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
## VIOLATION OF NEW YORK STATE LABOR LAW

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-35 above with the same force and effect as if more fully set forth herein.

37. Defendants are employers in the State of New York and thus are subject to the New York State Labor Laws in general and the Minimum Wage Act, *inter alia*.

38. Nino typically worked for roughly seventy (70) hours per week.

39. Nino provided her home health care aide services to her assigned patient including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient. These services took up more than twenty percent (20%) of the time Nino spent with the patient.

40. Nino's base pay was $10.35 per hour.

41. At all material times mentioned herein, Defendants failed and refused to pay to Nino the overtime of at minimum $15.53 per hour (the mandated pay of rate – 1.5 times the straight rate) for overtime work in excess of 40 hours worked per week.

42. Defendants' systematic and ongoing failure to pay legally mandated overtime wages was not the result of a good faith mistake.

43. Based upon the foregoing, Nino has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $37,600 plus liquidated damages (for unpaid overtime wages) of not less than $37,600 plus attorney's fees, costs and disbursements.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS WRONGFUL TERMINATION - RETALIATORY DISCHARGE

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-43 above with the same force and effect as if more fully set forth herein.

45. Plaintiff has the right to pursue her claims for overtime pay due to her under applicable Federal and New York State laws and regulations. She engaged in a protected activity.

46. Ultimate and Leonid and Lyudmila jointly and severally violated her rights to engage in a protected activity when they fired her for pursuing her overtime and wages claims and refusing to withdraw said claims at Defendants' insistence.

47. Defendants had no other reasonable and/or justifiable basis to terminate Nino's employment.

48. Based upon the foregoing, Nino has been damaged and is entitled to treble damages – and Defendants are liable – in an amount to be determined at trial but not less than $75,000.

**WHEREFORE**, based upon the foregoing causes of action, Plaintiff requests the Court award the damages sought in each individual cause of action as to be determined at trial, but not less than $176,500.00. In addition Plaintiff respectfully requests judgment awarding statutorily mandated attorneys fees under FLSA together with prejudgment interest, costs and disbursements.

Sobel Law Offices PC

By:____/s/ SS4424_____
Svetlana Sobel, Esq. – SS4424
175 Eileen Way
Syosset, NY 11791
(516) 496-1903
(631) 532-4828 facsimile (not
for Service of legal documents)